

**FILED**

Oct 02 2017, 8:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.G., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 2, 2017 <br><br> Court of Appeals Case No. <br> 43A03-1705-JV-957 <br><br> Appeal from the Kosciusko <br> Superior Court <br><br> The Honorable David C. Cates, <br> Judge <br><br> Trial Court Cause No. <br> 43D01-1509-JD-352 |

**Najam, Judge.**

## Statement of the Case

[1]     J.G. appeals from the juvenile court's order modifying a dispositional decree following his adjudication as a delinquent child for intimidation, as a Level 5 felony when committed by an adult; criminal mischief, as a Class A

misdemeanor when committed by an adult; battery, as a Class B misdemeanor when committed by an adult; criminal mischief, as a Class B misdemeanor when committed by an adult; and a compulsory school attendance violation. J.G. presents a single dispositive issue for our review, namely, whether the juvenile court erred when it conducted a modification hearing when J.G. was not represented by counsel and had not waived his right to counsel. We reverse and remand for a new modification hearing.

## Facts and Procedural History

[2] On November 5, 2015, during a hearing on the State's delinquency petition, J.G. admitted all but one of the allegations in the State's petition.[1] The juvenile court adjudicated J.G. to be a juvenile delinquent, and, on December 22, the court ordered J.G. to be placed on formal supervision until the age of eighteen,[2] unless sooner discharged.

[3] On September 17, 2016, J.G. engaged in a physical altercation with his parents. Thereafter, J.G. was detained in the Juvenile Justice Center for three weeks. Following a hearing in November, the court lifted the detention order and continued J.G. on supervised probation. Following that November hearing, J.G.'s counsel withdrew as his counsel.

---

[1] The State alleged three acts of criminal mischief, but J.G. only admitted to two. The juvenile court adjudicated him to be a delinquent on two acts of criminal mischief.

[2] J.G. will turn eighteen on April 15, 2018.

[4]     In April 2017, J.G.'s probation officer filed a modification report stating that J.G. had not complied with the terms of his supervised probation, including having missed several days of school and therapy sessions. The juvenile court held a modification hearing on April 19. J.G. was not represented by counsel at that hearing, the trial court did not advise him of his right to counsel, and J.G. did not waive his right to counsel. At the conclusion of the hearing, the juvenile court awarded wardship of J.G. to the Department of Correction. This appeal ensued.[3]

## Discussion and Decision

[5]     J.G. contends, and the State agrees, that he was entitled to counsel at the dispositional modification hearing. Both J.G. and the State ask that we remand this case to the juvenile court for a new hearing. Indeed, Criminal Rule 25(B)(3)(a) expressly states that "counsel for the child *must* be appointed . . . before convening *any hearing* in which the court may find facts (or the child may admit to facts) on the basis of which the court may impose . . . wardship of the child to the Department of Correction[.]" (Emphases added). And Criminal Rule 25(C) provides that, following the appointment of counsel under subsection (B), any waiver of the right to counsel shall be made in open court, on the record and confirmed in writing, and in the presence of the child's attorney. Here, it is undisputed both that J.G. was not represented by counsel at the modification

---

[3] The State filed a motion to remand to the trial court for a new modification hearing. We deny that motion by separate order.

hearing and that he did not waive his right to counsel. Accordingly, we reverse the modification order and remand for a new hearing.

[6] Reversed and remanded for further proceedings.

Kirsch, J., and Brown, J., concur.